UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONNIE MASON,<br><br>Plaintiff,<br><br>v.<br><br>W. BROWN, et al.,<br><br>Defendants. | CAUSE NO. 3:20-CV-998-JD-MGG |

OPINION AND ORDER

Ronnie Mason, a prisoner without a lawyer, filed a motion for a preliminary injunction asking that Officer W. Brown, and Lt. Burris be prohibited from working in the area of Westville Correctional Facility where he is housed. ECF 1. However, Mason has not filed a complaint. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, Inc., 555 U.S. 7, 20 (2008).

In his motion, Mason alleges that Officer Brown struck him on the face without justification on November 21, 2020, and that he now faces an ongoing risk of serious injury from Officer Brown and also Lt. Burris. ECF 1 at 1-2. Mason asserts that, since being struck, Officer Brown has interrupted his phone calls with his girlfriend by hanging up his phone and that Officer Brown and Lt. Burris have told him they are permitted to strike him. *Id*. at 2-3. His motion asks that the court remove Officer Brown and Lt. Burris from the GSC side of Westville. *Id*. at 3.

In the absence of a complaint, the court cannot determine if Mason is likely to succeed on the merits. However, Mason's motion must be denied because Mason has not demonstrated that he will suffer irreparable harm in the absence of an injunction. While the alleged behavior of Officer Brown and Lt. Burris may be rude and improper, it does not suggest that irreparable harm is likely in the absence of an injunction. Thus, his motion will be denied.

To proceed, Mason must file a complaint and clearly state who he is suing and why he is suing them. As the instructions on the court's complaint form explain, Mason needs to write a short and plain statement telling what each defendant did wrong. He needs to explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages. He needs to use each defendant's name every time he refers to that defendant.

Additionally, Mason has neither paid the filing fee nor sought leave to proceed in forma pauperis. Mason must resolve his filing fee status by either paying the filing fee or filing a motion to proceed in forma pauperis along with a copy of his inmate trust fund ledger for the past six months as required by 28 U.S.C. § 1915(a)(2).

For these reasons, the court:

(1) DENIES Ronnie Mason's motion for a preliminary injunction (ECF 1);

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and a blank Prisoner In Forma Pauperis Motion, AO 240 (Rev. 7/10) (INND Rev. 8/16) and send them to Ronnie Mason;

(3) GRANTS Ronnie Mason until **January 15, 2021,** to file a complaint and resolve his filing fee status; and

(4) CAUTIONS Ronnie Mason that, if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on December 7, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT