UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONNIE MASON,

       Plaintiff,

          v.                        CAUSE NO. 3:20-CV-998-JD-MGG

W. BROWN, et al.,

       Defendants.

## OPINION AND ORDER

Ronnie Mason, a prisoner without a lawyer, filed an amended complaint against three defendants. ECF 3. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Mason asserts that, on November 21, 2020, when he was sitting on his bunk reading the Holy Bible, Officer W. Brown stopped at his cell and asked to see his hand. ECF 3 at 3. Mason states that, because he did not respond quickly enough to Officer Brown's order to see his hand, Officer Brown forcibly struck him in the face. *Id*. He claims the force of the blow was such that he required medical attention to treat his injuries. *Id*.

Shortly after the assault, Mason met with Lt. Burris to find out if there was video of the assault. ECF 3 at 3-4. Lt. Burris confirmed there was video and verified that Officer Brown was doing a security check when the assault occurred. *Id*. at 4. Lt. Burris then escorted Mason back to his dorm where Lt. Burris was still on duty. *Id*. Mason states he decided to go to dayroom to call his girlfriend, but Officer Brown followed him there and hung up the phone. *Id*.

Several days later, on November 23, 2020, Mason filed a grievance and asked for an interview with the prison's internal affairs office. ECF 3 at 4. He states that, although Warden John Galipeau controls and manages the internal affairs office, he has yet to receive a response to his grievance. *Id*. at 4-5.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Giving Mason the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim of excessive force against Officer Brown for striking him in the face on November 21, 2020.

Mason has also sued Lt. Burris and Warden John Galipeau. However, a § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support

2

a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). And there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks Raemisch*, 555 F.3d 592, 594. Because Lt. Burris and Warden Galipeau were not personally involved in the November 21, 2020, assault, they cannot be held liable simply because they oversee the operation of the prison or supervise prison staff. Therefore, Mason cannot proceed against them.

For these reasons, the court:

(1) GRANTS Ronnie Mason leave to proceed against Officer W. Brown in his individual capacity for compensatory and punitive damages, for striking him in the face on November 21, 2020, in violation of the Eighth Amendment;

(2) DISMISSES Lt. Burris and Warden John Galipeau;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer W. Brown at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 3), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if he does not waive service, if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer W. Brown respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only

to the claim for which the plaintiff has been granted leave to proceed in this screening

order.

     SO ORDERED on May 24, 2021

               /s/JON E. DEGUILIO
               CHIEF JUDGE
               UNITED STATES DISTRICT COURT